IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| FRIZZELL C. WOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15CV001–HEH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is an action through which Plaintiff Frizzell C. Woodson ("Plaintiff"), proceeding *pro se*, asserts claims of defamation, libel, and slander, which allegedly resulted in the termination of his employment with the United States Postal Service (hereinafter, the "USPS"). On December 1, 2014, Plaintiff filed a Warrant in Debt in the General District Court for the City of Richmond, Virginia, naming Ulysses G. Otey as the defendant, and seeking $25,000.00 in monetary damages, plus costs and interest. (Warrant in Debt, Notice of Removal Ex. 1, Jan. 2, 2015, ECF No. 1-1.) The United States removed the matter to this Court (Notice of Removal, ECF No. 1), and noticed its substitution as the proper party-defendant on January 2, 2015 (Notice of Substitution, ECF No. 2). Thereafter, this Court substituted the United States of America as the proper party-defendant, pursuant to 28 U.S.C. § 2679(d)(2), and dismissed Ulysses G. Otey, as he was acting within the scope of his federal employment with respect to the conduct forming the basis of Plaintiff's claims. (Order, Jan. 6, 2015, ECF No. 3.)

This case is presently before the Court on a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed by the United States of America on January 8, 2015 (ECF No. 4). The United States served an appropriate Roseboro Notice with its Motion to Dismiss (Roseboro Notice to Pl., Jan. 8, 2015, ECF No. 6), as required by Local Civil Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a response to the motion on January 27, 2015 (ECF No. 8), to which the United States replied on January 30, 2015 (ECF No. 9). The pending motion is ripe for disposition, and the Court will dispense with oral argument, pursuant to E.D. Va. Loc. Civ. R. 7(J), finding it unnecessary to aid in the decisional process, as the matters before the Court have been adequately briefed.

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject-matter of the case. Where such a motion challenges the existence of the Court's subject-matter jurisdiction—as the United States does here—the Court may look beyond the jurisdictional allegations of the complaint—or in this case, the Warrant in Debt—and view whatever evidence has been submitted to determine whether, in fact, subject-matter jurisdiction exists. *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995); *see also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). The plaintiff bears the burden to establish and preserve jurisdiction. *Kerns*, 585 F.3d at 194; *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The United States argues that this Court lacks subject-matter jurisdiction and dismissal of Plaintiff's suit is appropriate because (1) the state court lacked subject-matter jurisdiction so this Court acquired none following removal, and (2) Plaintiff's claim is barred because the United States has not waived sovereign immunity as to claims of defamation, libel, and slander.

Plaintiff's Warrant in Debt seeks monetary damages for the alleged torts of defamation, slander, and libel,[1] resulting in his termination as an employee of USPS, effective April 25, 2013. (Attach. for Warrant in Debt, Notice of Removal Ex. 1, ECF No. 1-1.) Actions sounding in tort against the United States, including those arising from activities of the USPS, must be brought pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671, *et seq.* 39 U.S.C. § 409(c); *Dolan v. United States Postal Serv.*, 546 U.S. 481 (2006). The FTCA gives federal district courts exclusive jurisdiction over tort claims against the United States for the wrongful acts or omissions of federal employees acting within the scope of their employment. *Levin v. United States*, __ U.S. __, 133 S. Ct. 1224, 1228 (2013); *see also* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . [or] for injury or loss of property."). Such claims, therefore, cannot originate in the state courts. Moreover, "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the

---

[1] This Court, as required, construes pleadings filed by *pro se* litigants liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Although Plaintiff cites to the criminal statutes for slander and libel in the Code of Virginia, the Court construes these claims as causes of action in tort. Plaintiff, as a private party, is not entitled to bring criminal charges. For the same reason, the Court disregards Plaintiff's claim for making false statements under 18 U.S.C. § 1001.

3

subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012) (quoting *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 382 (1922)).

Plaintiff originally filed this matter in state court, and the United States subsequently removed his case to this Court. Because Plaintiff's claim falls within the purview of the FTCA, the state court—the General District Court for the City of Richmond, Virginia—lacked subject-matter jurisdiction over Plaintiff's claim. Consequently, when the case was removed, under the doctrine of derivative jurisdiction, this Court acquired no jurisdiction. Lacking subject-matter jurisdiction, dismissal is appropriate under Rule 12(b)(1).

Even if Plaintiff's claim had originated in this Court, dismissal under Rule 12(b)(1), nevertheless, would remain appropriate, as Plaintiff's claim is barred by the doctrine of sovereign immunity. The FTCA waives the sovereign immunity of the United States for many torts; however, this waiver is limited and is subject to exceptions enumerated in 28 U.S.C. § 2680(a)–(n). *See Levin*, 133 S. Ct. at 1228. The exception relevant in this case is § 2680(h), which preserves the United States' immunity from suit as to certain intentional torts, including "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander,* misrepresentation, deceit or interference with contract rights[.]" 28 U.S.C. § 2680(h) (emphasis added). The exception of libel and slander from this waiver by implication

4

includes defamation. *See Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 316 (4th Cir. 2012); *see also Talbert v. United States*, 932 F.2d 1064, 1066-67 (4th Cir. 1991).

The attachment to Plaintiff's Warrant in Debt indicates that his claim is for defamation, libel, and slander, based on "[t]he exact defamatory statement, 'Woodson stated that he would kill all of you all to get to Palmer[,]'" which Plaintiff alleges was made by his former USPS coworker. Accordingly, dismissal under Rule 12(b)(1) would also be appropriate, as this Court lacks subject-matter jurisdiction because the United States has not waived sovereign immunity for claims of defamation, libel, and slander. Additionally, the Court has carefully considered Plaintiff's arguments in, and the exhibits attached to, Plaintiff's response to the Motion to Dismiss, and is not persuaded that subject-matter jurisdiction over Plaintiff's claim exists.

In sum, the Court finds that it never acquired subject-matter jurisdiction over Plaintiff's claim following removal from state court under the doctrine of derivative jurisdiction. Even if Plaintiff had originally filed suit in this Court, subject-matter jurisdiction would still be lacking as the FTCA constitutes a limited waiver of sovereign immunity, which excludes the torts of libel, slander, and defamation. The United States, therefore, could not be held liable for Plaintiff's claims. Accordingly, the Motion to Dismiss filed by Defendant United States of America will be granted.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb. 2, 2015
Richmond, Virginia